IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| THOMAS M. PETERSON, | § | |
| | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | 2:02-CV-0317 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Institutional Division, | § | |
| | § | |
|     Respondent.[1] | § | |

**REPORT AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner THOMAS M. PETERSON has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction out of the 31st Judicial District Court of Gray County, Texas, for the felony offense of aggravated robbery. For the reasons hereinafter expressed, the United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.

I.
PROCEDURAL HISTORY

On May 22, 2001, in Cause No. 6079, styled *The State of Texas vs. Thomas Melvin Peterson*, petitioner was indicted, in a six-count indictment, for two counts of attempted robbery, two counts of robbery, and two counts of aggravated robbery. *Ex parte Peterson*, No. 53,640-01

---

[1] The previous named respondent was Janie Cockrell who was succeeded by Douglas Dretke on August 1, 2003 as Director of the Texas Department of Criminal Justice, Institutional Division. Under Rule 25(d)(1) of the Federal Rules of Civil Procedure, Dretke is automatically substituted as a party.

at 12.  Petitioner, pursuant to a plea agreement, pleaded guilty and judgment was entered on August 16, 2001.  *Id*. at 14.  Petitioner was sentenced as to Count Six, aggravated robbery, to 25 (twenty-five) years imprisonment in the Texas Department of Criminal Justice, Institutional Division and assessed a $10,000.00 fine.  *Id*.  The trial court considered, but did not adjudicate, the other five counts listed in the indictment.  *Id*.

Petitioner did not directly appeal his conviction or sentence.  On July 22, 2002, petitioner filed a state application for a writ of habeas corpus challenging the instant conviction.  *Ex parte Peterson*, No. 53,640-01 at 1.  On October 9, 2002, the Texas Court of Criminal Appeals denied petitioner's application without written order.  *Id*. at cover.  On November 4, 2002, the instant application for federal habeas relief was filed in this Court.[2]

## II.
## PETITIONER'S ALLEGATIONS

Petitioner appears to contend he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. Petitioner's plea was involuntary;

2. Petitioner was denied effective assistance of counsel because counsel led him to enter an involuntary plea; and

3. Petitioner received an illegal sentence.

## III.
## EXHAUSTION AND PROCEDURAL BAR

Respondent contends petitioner is procedurally barred from obtaining consideration

---

[2] *See Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998) ("a *pro se* prisoner's habeas petition is filed, for purposes of determining the applicability of the AEDPA, when he delivers the papers to prison authorities for mailing.").

and/or relief under his third ground because he failed to exhaust his state court remedies with respect to this issue specifically, petitioner failed to present this issue in his state habeas writ application.

> Section 28 U.S.C. § 2254 states, as relevant to this proceeding:
>
> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A)   the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(I)  there is an absence of available State corrective process; or
> >
> > (ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) . . .
>
> c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.  The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases.  *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989).  The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings."  *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982).

> Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution.  Because it would be unseemly in

> our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

*Id.* (brackets, internal quotation marks, and citations omitted). To have exhausted his state remedies, a habeas petitioner must have *fairly presented* the *substance* of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). This requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). Further, in order to satisfy the federal exhaustion requirement, petitioner must fairly present to the **highest** state court **each** constitutional claim he wishes to assert in his federal habeas petition. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In the state of Texas, the Court of Criminal Appeals in Austin, Texas is the highest court which has jurisdiction to review a petitioner's confinement. Tex. Code Crim. Proc. Ann. art. 44.45 (Vernon 1999). Claims may be presented to that court through an application for a writ of habeas corpus, *see* Tex. Code Crim. Proc. Ann. art. 11.01 et seq. (Vernon 1999), or on direct appeal by a petition for discretionary review.

Respondent avers petitioner's third ground, an allegation that petitioner received an illegal sentence is unexhausted. Respondent argues that because petitioner failed to raise this

claim in his state habeas application, it is barred from federal review. Respondent is correct and petitioner's third ground is procedurally barred from federal habeas review. The remainder of petitioner's allegations, respondent agrees, have been exhausted.

Because petitioner has filed a federal petition raising both exhausted and unexhausted grounds, it is a mixed petition and is subject to summary dismissal in order that petitioner may present the unexhausted grounds to the Texas Court of Criminal Appeals. *See Rose v. Lundy*, 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Wilder v. Cockrell*, 274 F.3d 255 n.2 (5th Cir. 2001); *Graham v. Johnson*, 168 F.3d 762, 777-78 (5th Cir.1999), *cert. denied,* 529 U.S. 1097, 120 S.Ct. 1830, 146 L.Ed.2d 774 (2000). If, however, petitioner were to return to the Texas Court of Criminal Appeals to present his unexhausted grounds, that court would dismiss petitioner's state habeas application without any review of the merits for abuse-of-the-writ. *See Ex parte Barber,* 879 S.W.2d 889, 891 n. 1 (Tex.Crim.App. 1994) (announcing the state's strict application of abuse-of-the-writ doctrine). The Fifth Circuit has ruled that the Texas courts' application of the abuse of writ doctrine is an adequate, independent state ground barring federal habeas review. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir.), *cert. denied*, 515 U.S. 1153, 115 S.Ct. 2603, 132 L.Ed.2d 847 (1995).[3] Federal review of a habeas claim is procedurally barred when the last state court to consider the claim denies relief based on a state procedural bar. *Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989). Moreover, where a state court relies on a procedural bar to deny relief, a prisoner may not thereafter obtain federal habeas relief without showing cause for the default, and prejudice resulting therefrom.

---

[3]This ruling came after the Texas Court of Criminal Appeal's decision in *Ex Parte Barber*, 879 S.W.2d 889, 892 (Tex.Crim.App. 1994), *cert. denied*, 513 U.S. 1084, 115 S.Ct. 739, 130 L.Ed.2d 641 (1995). Prior to the decision in *Barber*, the Texas abuse doctrine was not regularly and strictly applied. *Lowe v. Scott*, 48 F.3d 873, 876 (5th Cir.), *cert. denied*, 515 U.S. 1123, 115 S.Ct. 2278, 132 L.Ed.2d 282 (1995), cited in *Fearance*, 56 F.3d at 642.

*Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).[4]  In order to show prejudice, petitioner must show the result of the proceeding would have been different.  *Smith v. Dixon*, 14 F.3d 956, 974 (5th Cir. 1994), *cert. denied* 513 U.S. 841, 115 S.Ct. 129, 130 L.Ed.2d 72 (1995).  Petitioner has not made such a showing and thus petitioner's third claim is procedurally barred from federal corpus review.  *See Vega v. Johnson*, 149 F.3d 354, 362 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 899 (1999).

Therefore, it is the opinion of the Magistrate Judge that while petitioner has not exhausted, in state court, one of the issues presented herein, this cause should not be dismissed for failure to exhaust, but instead, should be decided on the merits as to the exhausted claims.  The unexhausted claim, ground 3, the undersigned finds to be procedurally barred.

## IV.
## STANDARD OF REVIEW

This case was filed subsequent to the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and so the standards of review set forth in the AEDPA apply to this case.  *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S.Ct. 2059, 2063, 138 L.Ed.2d 481 (1997); *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir. 1997).  Consequently, petitioner may not obtain relief in this Court with respect to any claim adjudicated on the merits in the state court proceedings unless the adjudication of the claim:

   (1)   resulted in a decision that was contrary to, or involved an unreasonable
         application of, clearly established Federal law, as determined by the
         Supreme Court of the United States; or

---

[4] It is acknowledged that the state court has not dismissed a habeas petition presented by petitioner on the unexhausted ground presented herein.  However, based upon the holdings of *Ex parte Barber* and *Fearance*, this Court assumes such would occur.  The only other alternative would be to dismiss the instant mixed petition because it presents both exhausted and unexhausted claims but to do so would be more detrimental to petitioner in that no ruling on his exhausted grounds would be reached.

 (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Further, all factual determinations made by a state court shall be presumed to be correct and such presumption can only be rebutted by clear and convincing evidence presented by petitioner. 28 U.S.C. § 2254(e).

 Petitioner has filed one (1) state habeas application in the Texas Court of Criminals Appeals relating to Cause No. 6079. The Court of Criminal appeals denied *Ex parte Peterson*, App. No. 53,640-01 on October 9, 2002, without written order. The ruling of the Texas Court of Criminal Appeals on the grounds presented constitute an adjudication of petitioner's claims on the merits. *Bledsue v. Johnson,* 188 F.3d 250, 257 (5th Cir. 1999).

V.
MERITS OF PETITIONER'S EXHAUSTED ALLEGATIONS

 Federal habeas corpus will not lie unless an error was so gross or a trial so fundamentally unfair that the petitioner's constitutional rights were violated. In determining whether an error was so extreme or a trial so fundamentally unfair, this Court must review the putative error at issue, looking at the totality of the circumstances surrounding the error for a violation of the petitioner's constitutional rights. Based upon a review of the state court records the pleadings of record with this Court, it is the opinion of the Magistrate Judge that petitioner has failed to show he is being unlawfully detained in violation of the Constitution and laws of the United States.

A.
Involuntary Plea

 Petitioner has alleged that he pleaded guilty to the offense of aggravated robbery with the understanding that the trial court would not enter a deadly weapon finding. Petitioner avers he further understood he would be eligible for parole after serving one fourth of his sentence, since

there was no deadly weapon finding.  Petitioner states he subsequently learned, however, that state law required him to serve one-half of his sentence since the offense pled to was aggravated robbery.  Petitioner contends that his guilty plea was involuntary because trial counsel misled him about the consequences of pleading guilty to aggravated robbery, with no deadly weapon finding.

Petitioner does not allege he did not understand the charges against him or the direct consequences of his plea, rather, petitioner appears to argue trial counsel's failure to advise him about a collateral consequence rendered his plea unknowing and thus involuntary.  With respect to guilty pleas, the "knowing" requirement that a defendant understand "the consequences" of a guilty plea means only that the defendant must know the maximum prison term and fine for the offense charged.  *Rupert v. Johnson*, 79 F.Supp.2d 680, 706 (W.D.Tex. 1999) citing *United States v. Dees*, 125 F.3d 261, 269 (5th Cir.1997), *cert. denied*, 522 U.S. 1152, 118 S.Ct. 1174, 140 L.Ed.2d 183 (1998).  A review of the record shows petitioner was admonished in open court of the consequences of his plea.  *Ex parte Peterson*, App. No. 53,640-01 at 15.  Petitioner's claim challenging the voluntariness of his guilty plea should be DENIED.

B.
Effectiveness of Counsel

Petitioner's remaining claim that he received ineffective assistance of counsel relates to the allegation that his attorney induced him into pleading guilty to the offense aggravated robbery.

The proper standard for judging a petitioner's contention that he is entitled to relief on the ground that his trial counsel rendered ineffective assistance is enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  Under the *Strickland*

standard, a petitioner must show defense counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment to the United States Constitution.

A petitioner must also show counsel's deficient performance prejudiced the defense. To establish this prong, petitioner must show counsel's errors were so serious as to deprive petitioner of a fair trial. Specifically, petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different or that the errors were so serious as to deprive the petitioner of a fair trial with a reliable result." *Id.* at 694.

In order to amount to ineffective assistance of counsel, counsel's performance must have fallen below an objective standard of reasonableness as determined by the norms of the profession. Counsel's performance is reviewed from counsel's perspective at the time of trial, not from hindsight. *Id.* at 689. A reviewing court's scrutiny of trial counsel's performance is highly deferential, with a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance. *Id.*

The burden of proof in a habeas corpus proceeding attacking the effectiveness of trial counsel is upon the petitioner, who must demonstrate that ineffectiveness by a preponderance of the evidence. *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1992), *cert. denied*, 508 U.S. 978, 113 S.Ct. 2977 (1993).

It is unclear from the pleadings whether petitioner contends he was denied effective assistance of counsel because his trial attorney misrepresented the parole eligibility provisions, or whether he alleges trial counsel was ineffective by omitting any discussion of such consequences. In either case, to succeed on an ineffective assistance of counsel claim, petitioner

must prove prejudice by a preponderance of the evidence, and show, that but for counsel's errors, he would have insisted in going to trial.  *Hill v. Lockhart*, 474 U.S. at 59, 106 S.Ct. at 370.[5]  In the instant case, petitioner must show his counsel's errors rendered his pleas unknowing and involuntary.  As discussed supra, with respect to guilty pleas, the "knowing" requirement that a defendant understand "the consequences" of a guilty plea means only that the defendant must know the maximum prison term and fine for the offense charged.  *Rupert v. Johnson*, 79 F.Supp.2d 680, 706 (W.D.Tex. 1999) citing *United States v. Dees*, 125 F.3d 261, 269 (5th Cir.1997), *cert. denied*, 522 U.S. 1152, 118 S.Ct. 1174, 140 L.Ed.2d 183 (1998).  As referenced earlier, a review of the record shows petitioner was admonished in open court of the consequences of his plea.  The Texas Court of Criminal Appeals subsequently denied habeas relief.  *Ex parte Peterson*, App. No. 53, 640-01 at cover.  Since petitioner has not made the showing required by the AEDPA with respect to the state court decision on this issue, and has not met his burden under *Strickland*, petitioner is not entitled to federal habeas corpus relief.  Petitioner's ineffective assistance of counsel claim should be denied.  It is the further finding of the undersigned that petitioner's assertion to the contrary notwithstanding, has failed to show that he would have gone to trial.  In fact, petitioner has not argued he would not have pleaded guilty had he known about the collateral consequences of his plea, but that, "I [Peterson] could have given evidence that would have given an opportunity for a lighter sentence."  Petitioner's Application at 7.   Petitioner has failed to meet his burden under *Strickland* and his claim should be denied.

## VI.
## RECOMMENDATION

---

[5]The Court may dispose of petitioner's claim if he is unable to meet one of the two prongs of the *Strickland* standard. *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir.) *cert. denied sub nom*, 513 U.S. 960, 115 S.Ct. 418,130 L.Ed.2d 333 (1994).

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner THOMAS M. PETERSON be DENIED.

## VII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner and to counsel of record for respondent by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 11th day of May 2005.


/s/ Clinton E. Averitte
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation

contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).